# NO. 12-09-00302-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES DEAN LUCAS,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

James Dean Lucas appeals his conviction for assault on a public servant, for which he was sentenced to imprisonment for twenty years. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

## BACKGROUND

Appellant is an inmate. While incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Appellant struck TDCJ Correctional Officer Leonard Young in the face while Young was attempting to place handcuffs on Appellant, whom he believed had entered another inmate's cell. Appellant was charged by indictment with assault on a public servant and pleaded "not guilty." The matter proceeded to a jury trial. Following the presentation of evidence, the jury found Appellant "guilty" as charged. The matter proceeded to a jury trial on punishment, after which the jury assessed Appellant's punishment at imprisonment for twenty years. The trial court sentenced Appellant accordingly and ordered Appellant's sentence run consecutively to his current sentence. This appeal followed.

<u>**ANALYSIS PURSUANT TO ANDERS v. CALIFORNIA**</u>

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***.  Appellant's counsel states that she has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  She further relates that she is well acquainted with the facts in this case.  In compliance with ***Anders, Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]  We have likewise reviewed the record for reversible error and have found none.

<u>**CONCLUSION**</u>

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***dismissed***.[2]

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] In her motion to withdraw, Appellant's counsel indicates that that she provided Appellant with a copy of this brief.  Appellant was given time to file his own brief in this cause.  The time for filing such a brief has expired and we have received no pro se brief.

[2] Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See In re Schulman*, 252 S.W.3d at 408 n.22.